## Case No. 18,185.

### YOUNGS v. NEW YORK.

[The case reported under above title in 8 Reporter, 298, is the same as Case No. 4,758.]

YOUNGS (SICKELS v.). See Case No. 12,838.

YOUNGS (UNITED STATES v.). See Case No. 16,783.

## Case No. 18,186.

### The YOUNG SAM.

[1 Brunner, Col. Cas. 600;[1] 2 Flip. 440; 20 Law Rep. 608.]

Circuit Court, D. Maine. April Term, 1857.

MARITIME LIEN FOR MATERIALS—REQUISITES.

The party claiming a lien on a vessel for materials must show that the contract under which the materials were furnished had reference to some particular vessel, for the construction or repair whereof said materials were to be used.

[Cited in The General Burnside, 3 Fed. 229; The James H. Prentice, 36 Fed. 781.]

[Appeal from the district court of the United States for the district of Maine.]

In admiralty.

Mr. Butler, for appellant.

Mr. Shepley, for claimant.

CURTIS, Circuit Justice. This is an appeal from a decree of the district court, dismissing a libel filed in that court to assert a lien on a vessel for the price of materials used in its construction.

The material facts which I deduce from the proofs are, that in January, 1855, the claimant contracted in writing with one Edmund Merrill, for timber for the keel, shoe, floor timbers, naval timbers, foot-hooks, and risers, sufficient for a ship of about nine hundred tons, and agreed to pay therefor by conveying to Merrill in fee a certain shipyard and the buildings thereon. To enable himself to perform this contract, Merrill contracted with the libelant for the timber, for the price whereof the lien is claimed. This timber was put on to railroad cars by the libelant, consigned to the claimant at Portland, who obtained a delivery order from the railroad company, and directed the cars to

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

be taken to Westbrook, and there received the timber, and used it in the construction of the vessel in question. It does not appear that when this timber was delivered, this vessel had been begun to be built. The inference from the fact that among the timber were keel pieces is that the vessel was not then begun.

There is no evidence that the libelant and claimant ever met at all concerning the timber, save that the libelant was present when the timber was unladen, and assisted in unloading that and other timber from the railroad cars. It is not shown by the libelant that when he contracted to sell the timber to Merrill, he relied on any lien on this vessel, nor that he even knew it was intended for any particular vessel. He neither produces his book of accounts to show a charge to any vessel, nor offers any evidence of the terms of the contract between Merrill and himself. He relies solely on the facts that he was once the owner of the timber; that whatever contract he may have made with Merrill, he himself was present when the timber came into the actual possession of the claimant, and that it was used in building the vessel libelled. The local law (Rev. St. c. 125, § 35) gives to any person who shall furnish materials for or on account of any vessel, building or standing on the stocks, or under repairs after being launched, a lien for the price of such materials. But the materials must be furnished for or on account of some particular vessel, building or standing on the stocks, or undergoing repairs. It has been repeatedly held in this district, and I concur in the correctness of the decision, that the parties must have reference to some particular vessel in the construction or repairs whereof the materials are to be used, and upon which the lien is to be created. The Calisto [Case No. 2,316]; on appeal, Read v. Hull of a New Ship [Id. 11,609]; Sewall v. Hull of a New Ship [Id. 12,682]. I entertain great doubt whether any case can come within this law, if the particular vessel had not been begun to be built before the sale of the materials. But it is not necessary to decide this point, because it is not shown by the libelant that his contract with Merrill had reference to any particular vessel, and I consider the burthen rests on him to prove this.

It was urged at the argument, that in case of materials furnished for a foreign vessel, the admiralty law presumes they were furnished on the credit of the vessel. But in such a case it must first appear that there was a particular vessel in the contemplation of the parties, whose necessities were to be supplied; and, according to the correct doctrine, as expounded by the supreme court at the last term, it must not only appear that the supplies were necessary for the particular vessel, but that it was also necessary that the master should have a credit to obtain them. The liens given by the local law do not depend on the same requirements. But whatever requirements are made by the local law, as prerequisites for a lien, must be shown by the libelant to have been complied with, before he can claim a preference over other creditors, or entitle himself to assert an interest in the property of a third person. Whether one who agrees to sell materials for building or repairing a vessel, and who contracts with another for the means to enable him to comply with his agreement, can thereby give a lien to a sub-contractor, under this law, it is not necessary in this case to determine. As was suggested in The Kiersage [Case No. 7,762], the case of a sub-contractor for labor is not necessarily the same as that of a sub-contractor for materials. I mention it here, only to exclude the conclusion that anything is intended to be decided respecting this question.

The decree of the district court is affirmed with costs.